1   Laurence R. Sharlot (No.014651
    Email:  LRS@JHC.Law
2   Joseph A. Brophy (No. 026662)
    Email:  JAB@JHC.Law
3   **JENNINGS, HAUG & CUNNINGHAM, L.L.P.**
    2800 N. Central Avenue, Suite 1800
4   Phoenix, AZ 85004-1049
    Telephone:   602-234-7800
5   Facsimile:    602-277-5595

6   Attorneys for Defendant Nationwide
      Insurance Company of America

7

8                    **UNITED STATES DISTRICT COURT**

                         **DISTRICT OF ARIZONA**
9

| | |
|---|---|
| 10  Megan Munro, an unmarried woman, | Case No.: |
| 11             Plaintiff, | **DEFENDANT NATIONWIDE INSURANCE COMPANY OF AMERICA'S NOTICE OF REMOVAL** |
| 12  vs. | |
| 13  Nationwide Insurance Company of America, a Delaware corporation authorized to do business in Arizona; and various unknown and/or fictional individuals and entities, | |
| 14 | |
| 15 | |
| 16             Defendants. | |

17

18           Pursuant to 28 U.S.C. § 1446(a) and Local Rule 3.6, Defendant Nationwide

19   Insurance Company of America ("Nationwide") submits its Notice of Removal.

20   Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice was filed with the Clerk of the

21   Superior Court, in and for the County of America, and served on all adverse parties.

22           Attached hereto as Exhibits are copies of all process, pleadings and orders served

23   upon this Defendant in this action.  Specifically, they are the Complaint (**Exhibit 1**),

24   Summons (**Exhibit 2**), Certificate Regarding Compulsory Arbitration (**Exhibit 3**), and

25   Service of Process (**Exhibit 4**).

26           The following is a short and plain statement of grounds for removal.

27           1.      The action is one over which this Court has original jurisdiction under 28

28   U.S.C. § 1332(a)(1) in that "it is between citizens of different states" and "the matter in

controversy exceeds the sum of value of $75,000, exclusive of interest and costs." Proof that the amount in controversy exceeds $75,000 is attached hereto as **Exhibit 1** (Plaintiff's Complaint) and **Exhibit 5** (Plaintiff's counsel's demand letter to Defendant). It is a case which may be removed to this Court by Defendant pursuant to U.S.C. §1441.

2. As alleged in the Complaint, Plaintiff is a resident of the State of Arizona. Defendant Nationwide is a Wisconsin company with its principal place of business in Ohio. Thus, this action is "between citizens of different states" as required by 28 U.S.C. § 1332(a)(1).

3. This breach of contract and bad faith action is not a "direct action" as that phrase has been interpreted by the Ninth Circuit, and thus, 28 U.S.C. § 1332(a)(1) is not applicable. *Searles v. Cincinnati Ins. Co.,* 998 F.2d 728 (9th Cir. 1993) (bad faith action against a plaintiff's own insurer is not a "direct action" within the meaning of 28 U.S.C. § 1332(c)(1)).

4. With respect to "the amount in controversy," the foregoing is "simply an estimate of the total amount in dispute, not a perspective assessment of defendant's liability." *Lewis v. Verizon Communications Inc.,* 627 F.3d 395 (9th Cir. 2010) citing *McPhail v. Dere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008) ("the amount in controversy is not proof of the amount plaintiff will recover, rather it is an estimate of the amount that will be put at issue in the course of the litigation"). Thus, to establish the jurisdictional amount, the Defendant need not and does not here concede liability for the amount in controversy. *Id.*

5. By way of background, this matter arises out of fire damage that occurred at Plaintiff's residence in Maricopa County, Arizona on June 7, 2017. At the time of the incident, Plaintiff claims she was insured by Defendant pursuant to a homeowner's policy. Plaintiff alleges that Defendant handled Plaintiff's claim unreasonably in that there was an improper denial of Plaintiff's claim and, therefore, Defendant is alleged to have breached its contract with Plaintiff and committed bad faith.

6.     As set forth above, and as attached as **Exhibit 1**, Plaintiff has alleged breach of contract and breach of the implied covenant of good faith and fair dealing (bad faith) against Defendant.  The Complaint seeks compensatory and punitive damages.  Specifically, Plaintiff seeks $133,870.00 in compensatory damages in addition to punitive damages.  See **Exhibit 1**, p. 11.  Plaintiff has also sought attorneys' fees pursuant to A.R.S. § 12-341.01.  Defendant submits that a fair reading of the Complaint alone is enough to establish there is more than $75,000 in controversy.

7.     Even if this Court were to find that the amount in controversy is not evident from the face of the Complaint, there is other evidence to support the conclusion that the amount in controversy has been satisfied.  The amount "in controversy" is evident from Plaintiff's counsel's demand letter to Defendant attached hereto as **Exhibit 5**.  At page 8 of Plaintiff's counsel's demand, Plaintiff specifically demands $133,870.00 to settle her claims against Nationwide.  Courts have held that such demands for payment in letters are relevant evidence of the amount in controversy.  *See, Cohn v. PetSmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002) settlement letter is relevant evidence of the amount in controversy).  In assessing the amount in controversy, courts have also considered factors such as the fact that attorneys' fees have been sought.  *See, Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998) (recovery of attorneys' fees authorized by statute, either with mandatory or discretionary language, are properly included in the amount in controversy).

8.     Removal is timely under 28 U.S.C. § 1446(b) because the 30-day time period for removal has not elapsed.  The Complaint was filed on May 22, 2018, but not served on or received by Defendant Nationwide until June 18, 2018.  See **Exhibit 4**, Service of Process.  Today's Notice is filed within 30 days of Defendant's receipt or service of Plaintiff's Complaint.

9.     In accordance with 28 U.S.C. § 1446(a), this Notice is signed pursuant to Rule 11, Federal Rules of Civil Procedure.  Defendant reserves the right to amend or

supplement this Notice of Removal.  Wherefore, removing Defendant Nationwide requests that this action proceed in this Court as an action properly removed to it.

DATED this 17th day of July, 2018.

JENNINGS, HAUG & CUNNINGHAM, L.L.P.

/s/ Laurence R. Sharlot
Laurence R. Sharlot
Joseph A. Brophy
Attorneys for Defendant Nationwide Insurance
  Company of America

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.  A copy of the attached document was also served by U.S. Mail this same date.

Christopher M. Goodman
Law Office of Christopher Goodman PLC
45 W. Jefferson Street, Suite 512
Phoenix, AZ 85003
Attorneys for Plaintiff

/s/ Lisa Mocek
4252-0023/35B0506

4